IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KEVIN G. FUERTES, | * | |
| Petitioner, | * | Civil No. RDB-16-2862 |
| v. | * | Criminal No. RDB-10-0770 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Following a nearly three-week trial, a jury convicted the *pro se* Petitioner Kevin Garcia Fuertes ("Petitioner" or "Fuertes") of conspiracy to transport an individual in interstate commerce for the purpose of prostitution, in violation of 18 U.S.C. § 371 (Count One) and sex trafficking by force, fraud, or coercion, in violation of 18 U.S.C. § 1591(a) (Count Six), in connection with an interstate prostitution ring that Fuertes operated with co-defendant German de Jesus Ventura ("Ventura"). *See United States v. Fuertes*, 805 F.3d 485, 493 (4th Cir. 2015); Jury Verdict, ECF No. 193. Judge Quarles of this Court[1] sentenced Fuertes to 235 months imprisonment. *Fuertes*, 805 F.3d at 493. Fuertes subsequently appealed his conviction to the United States Court of Appeals for the Fourth Circuit, but the Fourth Circuit affirmed this Court's Judgement with respect to Fuertes.[2] *Fuertes*, 805 F.3d at 501-502.

Currently pending before this Court is Fuertes' *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 364), in which he alleges

---

[1] Judge William D. Quarles of this Court presided over the trial in this case and sentenced Fuertes. This case was subsequently reassigned to the undersigned Judge Richard D. Bennett upon Judge Quarles' retirement from this Court.
[2] The Fourth Circuit did vacate co-defendant Ventura's conviction under 18 U.S.C. § 924(c) for possession and use of a firearm in relation to a crime of violence (Count Seven), but affirmed this Court's Judgment in all other respects. *Fuertes*, 805 F.3d at 490.

1

ineffective assistance of both his trial and appellate counsel, in violation of his rights under the Sixth Amendment to the United States Constitution.[3] Having reviewed the parties' submissions, this Court finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated below, Fuertes' Motion to Vacate, Set Aside or Correct Sentence (ECF No. 364) is DENIED.[4]

## BACKGROUND

By early 2008, German de Jesus Ventura ("Ventura") had established several brothels in Annapolis, Maryland. *Fuertes*, 805 F.3d at 490. Fuertes assisted Ventura by operating the brothels, advertising them, and threatening competing "pimps." *Id.* In March of 2008, Ventura spoke with Alberto Hernandez Campos about issues he was having with Ricardo Humberto "el Pelon" Rivas Ramirez ("Ramirez")—a rival pimp also operating in the Annapolis area. *Id.* at 491. During this encounter, Fuertes brandished a handgun to emphasize the seriousness of his threat. *Id.*

On September 13, 2008, Ramirez was murdered. Investigators discovered that he had previously received two threatening phone calls from telephone numbers ending in 5015 and 1397. *Id.* Less than two weeks later, police arrested Fuertes for an unrelated traffic violation, during which Fuertes provided the police with his phone number, which matched the 5015 number used to threaten Ramirez. *Id.* Subsequently, police found in Fuertes' possession a cellphone with a number ending in 5015 and business cards advertising Ventura's brothel. *Id.*

---

[3] Also pending before this Court are Petitioner's first Motion to Amend and/or Supplement (ECF No. 369) and second Motion to Amend and/or Supplement (ECF No. 371). Both of these motions (ECF Nos. 369 & 371) are GRANTED. All amended claims have been considered by this Court herein.

[4] Additionally pending is Petitioner's Motion for Failure to Respond (ECF No. 366), in which Petitioner requests "Summary Judgment" on his claims. For the reasons stated herein, all of Petitioner's arguments are without merit. Accordingly, this motion (ECF No. 366) is DENIED.

Following Fuertes' arrest, the police searched his home and found evidence that his home was used as a brothel, including a cellphone used by the prostitutes. *Id.* The cellphone's contact list included two phone numbers assigned to the name "Pancho", ending in 0903 and 1397. *Id.* The 1397 phone number matched the second phone number used to threaten Ramirez. *Id.* Witnesses later confirmed that "Pancho" was an alias used by Ventura, and investigators determined that Ventura was the subscriber for the phone number ending in 0903. *Id.* Investigators continued to monitor Fuertes and Ventura, believing they were involved in the murder of Ramirez.[5] *Id.* During this time, investigators discovered that Ventura maintained brothels not only in Annapolis, Maryland, but also in Easton, Maryland and Portsmouth, Virginia. *Id.* They further discovered that Ventura routinely arranged for prostitutes to meet him, or one of his employees, in Washington, D.C. before transporting them to one of the brothels. Rebeca Duenas Franco ("Duenas"), a prostitute employed by Ventura testified that she had seen Ventura and Fuertes celebrate the murder of Ramirez and that Fuertes was present when Ventura beat her. *Id.* at 491-92.

On March 25, 2009, police arrested Fuertes at his home in Annapolis. *Id.* at 492. In Fuertes' home, police found additional evidence that the apartment was being used as a brothel. *Id.* Specifically, police found two women, including Duenas, hiding in the closet, as well as six-hundred ninety-six dollars ($696) in cash, a cellphone, and a wallet containing a piece of paper with the 0903 telephone number written on it. *Id.*

On November 29, 2011, a federal grand jury issued a Superseding Indictment (ECF No. 51) charging Fuertes and Ventura with conspiracy to transport any individual in

---

[5] Neither Fuertes nor Ventura was charged with the murder of Ramirez in this Court.

3

interstate commerce for the purpose of prostitution, in violation of 18 U.S.C. § 371 (Count One); transportation of individuals in interstate commerce for the purpose of prostitution, in violation of 18 U.S.C. § 2421 (Count Two); and sex trafficking by force, fraud, or coercion, in violation of 18 U.S.C. § 1591(a) (Count Six). *Id.* at 493. Additionally, Ventura was individually charged with coercing or enticing any individual to travel in interstate commerce for the purpose of prostitution, in violation of 18 U.S.C. § 2422(a) (Count Three); transportation of individuals in interstate commerce for the purpose of prostitution, in violation of 18 U.S.C. § 2421 (Counts Four and Five); and possession and use of a firearm in relation to a crime of violence—specifically, sex trafficking by force, fraud, or coercion—in violation of 18 U.S.C. § 924(c) (Count Seven). *Id.*

Following an almost three-week trial, a jury found Ventura guilty on all counts and Fuertes guilty of Count One and the part of Count Six "based on events occurring subsequent to December 24, 2008." *Id.* at 493. This Court denied Fuertes' post trial motions for judgement of acquittal and new trial. At sentencing, this Court calculated that Fuertes' advisory sentencing guideline range was 235 to 293 months imprisonment. *See* Sent. Tr. Sept. 10, 2013, p. 45, ECF No. 309. This Court sentenced Fuertes to a total of 235 months imprisonment. *Id.* at 46. On appeal, the United States Court of Appeals for the Fourth Circuit affirmed this Court's Judgment as to Fuertes, but vacated Ventura's conviction on Count Seven. *Id.* at 490. Subsequently, Fuertes filed the pending Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 364).

## STANDARD OF REVIEW

In order to state a claim for relief under 28 U.S.C. § 2255 based on a Sixth Amendment claim for ineffective assistance of counsel, Petitioner must prove both elements of the test set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 671 (1984). First, Petitioner must show that counsel's performance was so deficient as to fall below an "objective standard of reasonableness." *Id.* at 688. In assessing whether counsel's performance was unconstitutionally deficient, courts adopt a "strong presumption" that counsel's actions fall within the "wide range of reasonable professional assistance." *Id.* at 689. Second, Petitioner must show that counsel's performance was so prejudicial as to "deprive the defendant of a fair trial." *Id.* at 687. In order to establish this level of prejudice, Petitioner must demonstrate a "reasonable probability that, but for counsel's [alleged] unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Satisfying either of the two parts of the test alone is not sufficient; rather, the petitioner must meet both prongs of the *Strickland* test in order to be entitled to relief. *See id.* at 687.

## ANALYSIS

Fuertes objects that both his trial and appellate counsel failed to challenge the racial composition of the jury and failed to call a woman named "Marin-Ayala" as a witness. He further objects that his appellate counsel failed to challenge his "vulnerable victims" and "role" sentencing enhancements on appeal. Fuertes has failed to establish ineffective assistance of counsel with respect to any of these claims.

**I. <u>Failure to Object to the Jury Composition</u>**

Fuertes objects that his counsel failed to challenge the jury composition at trial or on appeal. *See* Motion to Vacate, p. 10-11, ECF No. 364. Fuertes alleges that the jury composition did not represent a cross-section of his peers because "no Negro or Hispanic was selected to serve" and contends that his counsel's failure to raise this issue at trial or brief the issue on appeal violated his right to effective assistance of counsel. *Id.* However, Fuertes has presented no evidence to support his underlying claim that the jurors in his case were improperly selected. "Unsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing." *Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992), abrog'n on other grounds recog'd, *Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999) (citing *Zettlemoyer v. Fulcomer*, 923 F.2d 284, 301 (3d Cir.)). "[V]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (internal quotations and citation omitted).

The race and ethnicity of the veniremen is not recorded by this Court. However, the Government has indicated, based on Government counsel's notes during jury selection, that "among the seven female and five male jurors, four [appeared to be] African American and one appeared to be either African-American or Hispanic." *See* Reponse to Motion to Vacate, p. 12, ECF No. 372. Petitioner has provided no evidence to the contrary. Even if he had, he has made no showing that the jury's composition caused actual prejudice to the outcome of his case. Accordingly, Petitioner's first argument fails.

## II. <u>Failure to Call Witness During the Trial</u>

Next, Fuertes objects to his trial counsel's failure to call an individual named Ms. Marin-Ayala as a defense witness. *See* Motion to Vacate, p. 14, ECF No. 364. Marin-Ayala testified at Fuertes' sentencing that Fuertes did not murder Ramirez. Therefore, Fuertes contends that his counsel should have called Marin-Ayala to testify during trial. *Id.* at 12-14.

A defense counsel has "wide latitude in deciding how best to represent a client, and deference to counsel's tactical decisions . . . is particularly important because of the broad range of legitimate defense strategy" available. *Yarborough v. Gentry*, 540 U.S. 1, 5–6 (2003); *see also Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994). Additionally, Fuertes was not charged in this Court with the murder of Ramirez. Therefore, calling Marin-Ayala to testfiy, as Fuertes suggests, would have been immaterial to Fuertes' defense against the crimes with which he was *actually* charged. Moreover, even if Fuertes had demonstrated that trial counsel's failure to call Marin-Ayala was unreasonable, he has failed to demonstrate prejudice. On the contrary, the Government has indicated that had defense counsel called Marin-Ayala to testify, the Government may have introduced DNA evidence implicating Fuertes in the murder of Ramirez. *See* Response, p. 13, ECF No. 372. For these reasons, Petitioner's second argument fails.

## III. <u>Failure to Challenge on Appeal Fuertes' "Vulnerable Victims" Sentencing Enhancement and/or Sentencing Adjustment for His "Role" in the Offense of Conviction</u>

Finally, Fuertes objects that his appellate counsel failed to "brief the issue of 'vulnerable victim' enhancement and/or adjustment for 'role' in offense during sentencing" on appeal. *See* Motion to Vacate, ECF No. 364. Fuertes' trial counsel did object to Judge

7

Quarles' sentencing guideline calculations at the sentencing hearing. Appellate counsel's decision not to raise this issue again on appeal does not rise to the level of ineffective assistance.[6]

First, contrary to Petitioner's assertion, the transcript of the sentencing hearing (ECF No. 309) indicates that Judge Quarles did *not* accept the Government's recommended sentencing enhancement for "vulnerable victims." Judge Quarles explained as follows: "I am going to not adjust the offense level on individual victim crimes for the presence of vulnerable victims." *See* Sent. Tr. Sept. 10, 2013, p. 18, ECF No. 309. *See also* Am. Presentence Report, p. 8-12. Second, with respect to "role", Petitioner did receive an upward sentencing adjustment for his role in the offense because he was a manager or supervisor in criminal activity involving five or more participants. *See* Sent. Tr. Sept. 10, 2013, 18-19, ECF No. 309. *See also* Am. Presentence Report, p. 8-12. Fuertes contends that he "was not in control of anyone . . . [and] was simply there at most [sic] a bouncer, to ensure the men who were customers did not become unruly." *See* Motion to Vacate, p. 8, ECF No. 364. However, as outlined in the Presentence Report, Petitioner's involvement in the prostitution enterprise did in fact fully support his role adjustment. Fuertes received proceeds from the prostitution activity and Duenas reported that he "was the guy in charge of the home [operating as a brothel]." *Id.* at 5. Petitioner has provided no evidence to the contrary.

Moreoever, counsel's failure to raise every nonfrivoulous issue on appeal does not, alone, render a defendant's counsel deficient. "Counsel need not raise every colorable claim on appeal . . . Rather, counsel has some latitude to 'decide what issues are to be pressed' on

---

[6] Petitioner cites a comment by his trial counsel suggesting that he did at that time plan to appeal this Court's sentencing guideline calculations. However, the fact that counsel may have earlier planned to raise the issue on appeal, but subsequently decided not to, does not alone satisfy the two prongs of *Strickland*.

appeal.'" *Cole v. Branker*, 328 Fed. Appx. 149 (4th Cir. 2008) (citing *Jones v. Barnes*, 463 U.S. 745, 754 (1983)). As such, Petitioner's final argument fails.

## **CONCLUSION**

For the foregoing reasons, Petitioner's *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 364) is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). Because reasonable jurists would not find Petitioner's claim debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated:   June 7, 2017

                                                  ___/s/_____
                                                  Richard D. Bennett
                                                  United States District Judge